## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EARNEST EUGENE BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 10-2562-JWL** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the ALJ's use of vocational expert evidence, the court ORDERS that the decision is REVERSED, and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

### I.   Background

Plaintiff applied for both DIB and SSI on June 4 2008, alleging he became disabled on September 14, 2007. (R. 10, 119-31). The applications were denied initially

and upon reconsideration and Plaintiff requested a hearing before an Administrative Law

Judge (ALJ).  (R. 10, 56-59, 72-73).  Plaintiff's request was granted, and Plaintiff

appeared without counsel or other representative and testified at a hearing before ALJ

Robert J. Burbank on August 24, 2009.  (R. 10, 40-55).  Plaintiff was informed of his

right to representation, but chose to proceed with the hearing without representation.  (R.

10, 42).  At that hearing, a vocational expert (VE) also appeared, but did not testify.  (R.

40-55).  Thereafter, additional medical evidence was secured, and at Plaintiff's request, a

supplemental hearing was held on February 22, 2010 at which Plaintiff again appeared

without representation.[1]  (R. 10, 24-39, 261).

On April 23, 2010, ALJ Burbank issued a decision finding that Plaintiff is able to

perform past relevant work as a screen printer, an informal waiter, and a poultry boner, or

alternatively, that there are a substantial number of jobs that Plaintiff can perform.  (R.

10-19).  Therefore, he concluded that Plaintiff is not disabled within the meaning of the

Act, and denied Plaintiff's applications.  (R. 18-19).  Plaintiff sought review, but the

Appeals Council denied his request.  (R. 1-6, 268).  Consequently, the ALJ's decision is

the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908

(10th Cir. 2006).  Plaintiff now seeks judicial review of that decision.  (Doc. 1).

---

[1]Mr. Brown also proceeds pro se before this court.  Consequently, the court has construed his pleadings and briefs liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009).  But, the court will not assume the role of advocate for him.  Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not

3

substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals

4

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses claimant's residual functional capacity (hereinafter RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform his past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs existing in the economy which are within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff seeks review of four issues.  He claims that (1) the ALJ failed to properly consider the medical source opinion of Russell Young; (2) the credibility determination is erroneous, (3) the ALJ's failure to issue subpoenas to three medical sources at Plaintiff's request is error; and (4) the ALJ erred in failing to allow Plaintiff to question the VE, and applied the VE's testimony erroneously.  (Pl. Br. 1).  The Commissioner argues that the ALJ properly considered the medical sources' opinions, made a proper credibility finding, properly declined to subpoena the witnesses, and properly considered and used the

5

evidence provided by the VE.  The court finds both that the ALJ failed to explain the basis for his step four finding that Plaintiff is able to perform past relevant work despite a limitation to no more than frequent reaching, and that the failure to utilize a vocational resource or VE testimony left him without an evidentiary basis to conclude at step five that a significant number of unskilled, light jobs are available to an individual with a limitation to no more than frequent reaching.  Therefore, the ALJ's step four and alternative step five findings are not supported by substantial evidence, and the case must be remanded for further proceedings to correct these errors.  Because the court finds remand is necessary to address the ALJ's errors in utilizing vocational evidence, it will not address the other errors alleged by Plaintiff.  Plaintiff may make arguments regarding those alleged errors to the Commissioner on remand.

## III.   Evaluation of Vocational Evidence

Plaintiff claims "that the ALJ did not allow the plaintiff to cross[-examine] and question the finding made by the Vocational Expert and the manner in which the V.E.'s testimoney [sic] was applied."  (Pl. Br. 2).  Specifically, Plaintiff argues that the ALJ did not allow cross-examination of the VE with regard to the RFC assessed, and that "[t]he ALJ did not discuss any thing about the V.E. other than his introduction in the first hearing."  (Pl. Br. 3).  Plaintiff notes both that the VE laid a copy of his report on the table when he left the first hearing without testifying; and that no VE appeared at the supplemental hearing.  Id.  The Commissioner argues that because the VE did not testify, there was no witness for Plaintiff to cross-examine, and no error in failing to allow such

cross-examination.  (Comm'r Br. 17).  He argues that because the ALJ found at step four that Plaintiff could perform past relevant work, VE testimony and vocational evidence was not required, and that the ALJ's alternative step five determination did not rely on vocational testimony or evidence.  Id. at 17-18 (citing Kepler v. Chater, 68 F.3d 387, 392 (10th Cir. 1995)).

The ALJ assessed Plaintiff with the RFC "to perform light work . . . subject to no more than frequent reaching."  (R. 13).  As Plaintiff's argument implies, a VE produced a "Work History Evaluation" and appeared, but did not testify at the first hearing.  (R. 40); (R. 251-52) (Ex. 16E).  In his evaluation, the VE provided "Possible Dictionary of Occupational Titles (D.O.T.) Code, exertional level and skill level of claimant's vocational history."  (R. 251).  In the evaluation, the VE classified Plaintiff's informal waiter job and poultry boner job as light, skill level 2 jobs; and Plaintiff's screen printer job as a light, skill level 3 job.  (R. 251-52).  The VE noted that the jobs are classified as "light" exertional level, both as described in the D.O.T. and as reported by Plaintiff.  Id. The VE's evaluation says nothing about the "reaching" requirements of these jobs.  Id.

At step four of the sequential evaluation process, the ALJ made the following finding and the following discussion:

> **6.  The claimant is capable of performing past relevant work as a screen printer, waiter, informal, and poultry boner.  This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(R. 17) (bold in original).

The ALJ also made an alternative step five finding that "there are other jobs that exist in significant numbers in the national economy that the claimant also can perform." (R. 18).  He summarized the standard for step five evaluation as presented in 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the Medical-Vocational Guidelines), and as explained in Social Security Rulings (SSR) 83-11, 83-12, 83-14, and 85-15.  (R. 18).  He then presented his step five analysis:

> If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21.  However, the additional limitations have little or no effect on the occupational base of unskilled light work.  A finding of "not disabled" is therefore appropriate under the framework of this rule.

(R. 18) (emphasis added).

As the Commissioner argues, the short answer to Plaintiff's claim that the ALJ did not allow him to cross-examine the VE is that the VE did not testify, therefore, cross-examination was neither possible nor required.  (Comm'r Br. 17).  But, as the Commissioner acknowledges, Plaintiff "also objects to the 'manner in which the V.E.'s testimony was applied.'"  Id. (citing (Pl. Br. at 2-3)).

The Commissioner cites Kepler, 68 F.3d at 392, for the proposition that because the ALJ found Plaintiff could perform past relevant work, no VE testimony or vocational

evidence was required at step four of the evaluation process.  Id. at 17-18.  In accordance

with the Commissioner's argument, Kepler states the rule, "An ALJ has no obligation to

question a vocational expert if the claimant can return to past relevant work."  68 F.3d at

392 (citing Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)).  But, Kepler says

nothing regarding use of vocational evidence at step four.  Nonetheless, in order to find at

step four that Plaintiff can return to past relevant work, the ALJ must engage in a three-

phase inquiry in which (1) he evaluates the plaintiff's RFC, (2) he determines the mental

and physical demands of plaintiff's past relevant work, and (3) he "determines whether

the [plaintiff] has the ability to meet the job demands found in phase two despite the

mental and/or physical limitations found in phase one."  Winfrey v. Chater, 92 F.3d 1017,

1023 (10th Cir. 1996); see also SSR 82-62, 1975-1982 West's Soc. Sec. Rep. Serv.,

Rulings 809, 811-13 (1983) (explaining the three-phase step four evaluation).  At each

phase, the ALJ must make specific findings.  Id. at 1023; West's, Rulings at 813.

       Here, the ALJ clearly made specific findings at each phase of the step four

analysis:  (1) Plaintiff is able to perform light work requiring no more than frequent

reaching (R. 13); (2) past relevant work does not require the performance of work-related

activities precluded by the RFC assessed; and (3) Plaintiff is able to perform past relevant

work both as he performed it, and as it is generally performed.  (R. 17).  But, the decision

does not provide a clue regarding the evidentiary or vocational basis for the ALJ's finding

that Plaintiff's past relevant work does not require more than frequent reaching--either as

he performed it or as it is generally performed.  And, the Commissioner has suggested the

sort of vocational evidence which may be used at step four in determining whether a claimant can do past relevant work.  20 C.F.R. §§404.1560(b)(2), 416.960(b)(2) ("We may use the services of vocational experts or vocational specialists, or other resources such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.").

Because the ALJ did not explain the basis for his conclusory finding, it is not clear whether the ALJ relied upon the VE's "Work History Evaluation" in deciding whether Plaintiff can perform his past relevant work.  What is clear, is that the ALJ accepted the VE's evaluation into the record, but did not allow Plaintiff to question the VE in that regard.  (R. 44) (Ex. 16E, work history evaluation admitted into evidence).  It is also clear, as the Commissioner admits, that Plaintiff "objects to the 'manner in which the V.E.'s testimony was applied.'" (Comm'r Br. 17) (quoting (Pl. Br. at 2)).  Remand is necessary for the Commissioner to clarify the basis for the ALJ's step four determination, and to explain whether the VE's report was relied upon in that determination.

In his alternative step five analysis, the ALJ found that Plaintiff's additional RFC limitations which preclude the full range of light work (no more than frequent reaching) "have little or no effect on the occupational base of unskilled light work."  (R. 18).  Once again, however, the ALJ did not explain the basis for this conclusory finding.  One paragraph earlier in his decision, the ALJ cited SSR's 83-11, 83-12, 83-14, and 85-15

10

which explain the use of the Medical-Vocational Guidelines at step five of the sequential evaluation process.   (R. 18).

The court notes that the rulings cited contain explanations of the effect on certain occupational bases produced by certain limitations in capability.  1983-1991 West's Soc. Sec. Rep. Serv., Rulings 33-48, 343-52 (1992).   For example, SSR 83-12 notes that a limitation to avoid frequent contact with petroleum based solvents has an insignificant effect on the occupational base for sedentary work because there are very few sedentary jobs which require frequent contact with petroleum based solvents.  Id. at 39.  SSR 83-14 provides that a limitation from exposure to ragweed pollen has no significant effect on the occupational base for sedentary work, and that a limitation prohibiting climbing scaffolds, poles, and ropes has little or no effect on the unskilled, light occupational base.  Id. at 45, 46.  As a final example, SSR 85-15 explains that if a person can stoop at least occasionally, "the sedentary and light occupational base is virtually intact."  Id. at 350.

The ALJ did not cite any authority for his conclusion that a limitation to frequent reaching has little or no effect on the occupational base of unskilled, light work.  The court finds no record evidence, and is aware of no vocational authority, which supports that conclusion.  In fact, SSR 85-15 states that "Reaching . . . [is] required in almost all jobs.  Significant limitations of reaching . . ., therefore, may eliminate a large number of occupations a person could otherwise do.  Varying degrees of limitations would have different effects, and the assistance of a VS [(vocational specialist)] may be needed to determine the effects of the limitations."  1983-1991 West's Soc. Sec. Rep. Serv., Rulings

11

350.  The term "vocational specialist" as used in SSR 85-15 "describes all vocational resource personnel," including vocational experts.  Id. at 346.

The ALJ did not take any VE testimony in this case.  Moreover, as noted above, the VE's "Work History Evaluation" says nothing regarding the reaching requirements of the occupational base of unskilled, light work in general, or of Plaintiff's past relevant work in particular.  The court finds no record evidence which supports the ALJ's step five finding, and remand is necessary to correct this error.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 19th day of September 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**