## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EARNEST EUGENE BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v.   ) | |
| ) | **No. 10-2562-JWL** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

The Court issued a Memorandum and Order in this case on September 20, 2011 finding that the ALJ erred in utilizing vocational evidence, that the ALJ's step four and alternative step five findings are not supported by substantial evidence, and that remand is necessary to correct these errors. (Doc. 22). On September 23, 2011, judgment was entered on the docket. (Doc. 23). On October 11, 2011, Plaintiff filed a "Motion for Appointment or Remand to a New Administrative Law Judge." (Doc. 25). The Commissioner has not responded to Plaintiff's motion.

Because Plaintiff's motion was filed within twenty-eight days of the entry of the judgment, the court will treat it as a Motion to Alter or Amend Judgment. The court has jurisdiction to decide the motion pursuant to Rule 59 of the Federal Rules of Civil

Procedure, and will, therefore, address the merits of the motion. In his one-page motion, Plaintiff asserted his belief that the ALJ to which this case was previously assigned is biased, has shown inappropriate hostility toward Plaintiff, has clearly refused to weigh or consider evidence impartially, and will not apply the appropriate standards on remand. Id. (citing Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004)).

      The Supreme Court has recognized that 42 U.S.C. § 405(g) (§ 205(g) of the Social Security Act) provides a "somewhat unusual" process for federal court review of decisions of the Commissioner, making the courts "virtually . . . coparticipants in the process." Sullivan v. Hudson, 490 U.S. 877, 885 (1991).  Nonetheless, the Supreme Court has also admonished the courts that "in the absence of substantial justification for doing otherwise, a reviewing court may not, after determining that additional evidence is requisite for adequate review, proceed by dictating to the agency the methods and procedures, and time dimension of the needed inquiry."  FPC v. Transcontinental Gas Pipe Line Corp., 423 U.S. 326, 333 (1976) (per curiam).  In light of these considerations, the Tenth Circuit has noted that courts "will direct reassignment of a case only 'in the most unusual and exceptional circumstances.'"  Miranda v. Barnhart, 205 Fed. Appx 638, 644 (10th Cir. 2005) (quoting United States v. Roberts, 88 F.3d 872, 885 (10th Cir. 1996) (discussing reassignment to a second district court judge).  Although the court in Sutherland recognized that courts have authority to direct reassignment to a different ALJ on remand, it noted that as a general matter, the assignment of an ALJ is a matter within

the discretion of the Commissioner.  <u>Sutherland</u>, 322 F. Supp. 2d at 292 (citing <u>Travis v. Sullivan</u>, 985 F.2d 919, 924 (7th Cir. 1993)).

In the motion here, Plaintiff makes bare assertions of bias, hostility, and refusal or inability to apply the correct standard, but he does not point to any record evidence which would demonstrate such unusual or exceptional circumstances as to require reassignment to a different ALJ.  Moreover, the court notes that the Commissioner has promulgated a regulation regarding "Disqualification of the administrative law judge."  20 C.F.R. 404.940.  On remand, if Plaintiff objects to the ALJ who will conduct a hearing in his case, he should notify that ALJ as soon as possible, and the regulation provides that the ALJ shall decide whether he should proceed or withdraw.  The regulation provides that if the ALJ does not withdraw, Plaintiff may present his objections to the Appeals Council.  The court finds no unusual or exceptional circumstances requiring that the court should direct reassignment to a different ALJ on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 25) is DENIED.

Dated this 7th day of November 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
